**In re Samuel Archer GREEN, Amelia B. Green, Master Auto Service Corporation.**

**Civ. A. No. 91–111–N.**

United States District Court, E.D. Virginia, Norfolk Division.

Nov. 7, 1991.

Robert C. Stackhouse, Jr., Stackhouse, Rowe & Smith, Norfolk, Va., for Master Auto Service Corp., Samuel Archer Green, and Amelia B. Green.

Debera F. Conlon, Norfolk, Va., Asst. U.S. Trustee.

Raymond A. Jackson, Norfolk, Va., Asst. U.S. Atty.

## FINAL ORDER

REBECCA BEACH SMITH, District Judge.

Appellant in this action, Stewart T. Smythe, appealed from two bankruptcy court orders: 1) an order denying Appellant's Motion to Reconstitute Creditors' Committee filed February 8, 1991; and 2) the Confirmation Order filed February 15,

1991.[1] Appellant's sole claim to creditor status in this proceeding is based on a counterclaim, all three counts of which were dismissed on motion for summary judgment by the United States District Court for the Western District of Kentucky. The Sixth Circuit affirmed the dismissals.[2]

Accordingly, by order filed October 7, 1991, (See appendix) this court ordered Appellant to show cause why his appeal should not be dismissed for lack of standing and/or mootness.[3] Appellant was advised that if he did not produce, within fourteen days of the October 7, 1991, order, written proof of a stay of execution and enforcement of the Sixth Circuit's decision(s) pursuant to 28 U.S.C. § 2101(f) and Rule 41 of the Federal Rules of Appellate Procedure or Rule 23 of the Supreme Court Rules, or proof that the United States Supreme Court had granted Appellant's petition for certiorari, his appeal would be dismissed.

■ While Appellant has filed a timely response, he has failed to provide an appropriate response to the court's show cause order. Appellant has not produced any evidence of a stay of execution and enforcement of the Sixth Circuit's decision(s), nor has he produced any evidence that the United States Supreme Court has granted a petition for certiorari. In fact, Appellant now asserts in his response to the show cause order that he has never claimed to have applied for certiorari.[4] Assuming that Appellant's current assertion is true and that he has not applied for certiorari, he clearly does not have a valid claim to creditor status in this bankruptcy proceeding. The time for appeal to the Supreme Court from the decisions of the Sixth Cir-

1. The relevant procedural history of this case for this appeal is set forth in this court's show cause order of October 7, 1991.

2. The Sixth Circuit affirmed the grant of summary judgment in favor of the Plaintiffs on Count I of Mr. Smythe's counterclaim on May 16, 1983, and on Counts II and III on July 3, 1991. *Green, et al. v. Smythe,* 711 F.2d 1056 (6th Cir.1983) (table) (unpublished per curiam); *Green, et al. v. Smythe,* 936 F.2d 573 (6th Cir.

1991) (table) (unpublished per curiam) (full text available on WESTLAW, CTA6 database).

3. The court also stayed its previously imposed briefing schedule until further notice.

4. The court understood, from representations made before it in the hearing on September 16, 1991, that Appellant had petitioned for certiorari from the United States Supreme Court in regard to the Kentucky case.

cuit has run. *See* 28 U.S.C. § 2101(c); Sup. Ct.R. 13; *supra* note 2. Since the Sixth Circuit's decisions are final, and since Appellant has no other avenues of appeal from these decisions, he no longer has any claim against Appellee, and, therefore, no status as a creditor. Appellant's claim to creditor status cannot be based on a lone counterclaim that has been finally dismissed. *See In re Vahlsing*, 829 F.2d 565 (5th Cir.1987).

Accordingly, Appellant has shown no cause why the instant appeal should not be dismissed for lack of standing and/or mootness. The disputed contingent claim that Appellant had in this bankruptcy proceeding no longer exists, given the finality of the Sixth Circuit decisions against him. Therefore, Appellant lacks standing as a creditor to pursue this appeal. Consequently, this appeal is moot and is hereby DISMISSED.[5]

■ Finally, on October 11, 1991, the court received and lodged a motion by Gateway Investments Corporation, through its president, Patricia E. Masters, seeking to be added as an Appellant in the instant appeal of the bankruptcy court's orders of February 8, 1991, and February 15, 1991. Gateway's motion is not timely. Gateway is, in effect, trying to appeal the above two orders of the bankruptcy court. However, the time for noting an appeal of these orders has long passed, and Gateway is trying to avoid the filing deadlines by moving to be added as an Appellant in the instant appeal. For the reasons stated herein, the court will not entertain Gate-

way's untimely appeal simply because it is presented in a different guise.

First, Gateway was a party to a motion to revoke the confirmation order of February 15, 1991. The bankruptcy court denied that motion by order filed on August 15, 1991, on the grounds that "the subject matter [of the motion] is identical to the matters on appeal to the United States District Court and that Court, therefore, is the proper forum for hearing the aggrieved." *In re Samuel Archer Green*, No. 86–00183–N–B; *In re Master Auto Service Corporation*, No. 86–00615–N–B (Bankr. E.D.Va. Aug. 15, 1991) (consolidated cases) (order denying motion to revoke order of confirmation). Gateway did not appeal this order, even though the bankruptcy court granted, and Gateway had proper notice of, an extension of time until September 23, 1991, to file an appeal of the order of August 15, 1991. *See id.* (Sept. 9, 1991) (order granting an extension of time to appeal).[6] As a party to the motion denied by the bankruptcy court on August 15, 1991, Gateway had ample opportunity to bring before this court the identical issues with which this appeal is concerned and elected not to do so.[7] If Gateway wanted to present the issues in question to this court, Gateway should have appealed the matter within the generous deadline granted by the bankruptcy court.

Second, Gateway's motion to be added as an Appellant is construed as nothing more than an attempt to appeal the bankruptcy court's orders of February 8 and 15, 1991.

**5.** Appellant Smythe is the only party to this appeal, and the court will not add any other party at this juncture. *See infra* at 187–88.

**6.** In its current motion, Gateway omitted the fact that the bankruptcy judge by order of September 9, 1991, had extended the time for appeal of the August 15, 1991, order, to September 23, 1991. Moreover, this September 9th extension order specifically directed that a copy of it be forwarded to Gateway.

**7.** Gateway cannot argue that it did not recognize the identity of the issues presented in the instant appeal and those presented in its motion to revoke the Confirmation Order. The bankruptcy judge made quite clear in his August 15, 1991, order, that the issues in Gateway's motion

were the same as those on appeal. In its current motion before this court, Gateway manifests an understanding of this similarity of issues by arguing that the bankruptcy court in its August 15, 1991, order "has, in effect, ordered that Movant become a Co–Appellant in the above styled APPEAL [sic]" because the subject matter of the motion and the issues on appeal are virtually identical.

It should be further noted that the bankruptcy court itself never suggested that Gateway become a "Co–Appellant" in the instant action. The bankruptcy court simply noted in its August 15, 1991, order that the issues were identical to those on appeal and, in the September 9, 1991, order, granted an extension of time to appeal its August 15, 1991, order.

As a creditor, Gateway was a party to the underlying bankruptcy proceedings.[8] As such, if Gateway had wanted to appeal the February orders, it should have done so in a timely fashion. The Bankruptcy Rules require a party to file a notice of appeal within ten days of the entry of an order. Bankr.Rule 8002(a), 11 U.S.C. The rule also allows for various extensions of time to file a notice of appeal, none of which, in any event, would exceed sixty days from the date of the entry of the order. Bankr. Rule 8002(c), 11 U.S.C. Gateway's motion to be added as an Appellant herein was lodged with the court on October 11, 1991, many months after a timely appeal could have been made.

For the foregoing reasons, the court will not now entertain Gateway's untimely appeal, no matter what its form. The court DIRECTS that Gateway's "Motion to Add Appellant" be filed and DENIES said motion.

Pursuant to Rules 6(b) and 4(a) of the Federal Rules of Appellate Procedure, any notice of appeal from this final order shall be filed, in writing, with the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of this order.

The Clerk is DIRECTED to forward a copy of this order to Appellant Stewart T. Smythe; R. Clinton Stackhouse, Esquire; Alexander P. Smith, Esquire; Harry Jernigan, Esquire; Raymond A. Jackson, Assistant United States Attorney; Romano L. Mazzoli, Esquire; Debera F. Conlon, Assistant United States Trustee; Patricia E. Masters, President, Gateway Investments Corporation; and the United States Bankruptcy Court for the Eastern District of Virginia.

It is so ORDERED.

---

**8.** Gateway is listed among the creditors on the bankruptcy court's master mailing matrix, which is part of the record of the underlying bankruptcy case.

**1.** Appellant filed an amended notice of appeal from the same order on February 20, 1991.

## APPENDIX

## ORDER TO SHOW CAUSE

On February 14, 1991, in the above-styled action, appellant Stewart T. Smythe filed a notice of appeal from a February 8, 1991, bankruptcy court order denying his Motion to Reconstitute Creditors' Committee and to Authorize Retainer to be Paid to Counsel for the Creditors' Committee.[1] On February 25, 1991, appellant filed a notice of appeal from the bankruptcy court's February 15, 1991, Confirmation Order in the same action.

Upon hearing the motions and arguments of the parties on September 16, 1991, the court ruled that it would hear any additional issues that appellant Smythe wished to raise in the instant appeal, if those issues were properly filed under the bankruptcy rules. The court required appellant to file his designation of record and issues, as well as any legal briefs, by September 30, 1991. The court gave appellees until October 21, 1991, to file response briefs. The court further ruled that any parties wishing to be added to the instant appeal must notice the court themselves, or through their counsel, and must follow the bankruptcy rules. Finally, the court noted and accepted the bankruptcy court's order of August 20, 1991, extending the time for noting an appeal to the bankruptcy court's order of August 15, 1991,[2] until September 23, 1991.

The instant appeal was then continued until November 8, 1991, for further proceedings. Appellant neither appealed the bankruptcy court's August 15, 1991, order by the September 23, 1991, deadline, nor raised any additional issues for appeal by the September 30, 1991, deadline. No other parties have filed an appeal.

Appellant's Proof of Claim shows that his creditor status is based solely on a counterclaim filed by him in an action origi-

---

**2.** On August 15, 1991, the bankruptcy court denied appellant's motion to revoke the confirmation order of February 15, 1991.

nally commenced in the United States District Court for the Western District of Kentucky by appellee in the instant action, S. Archer Green, and six other parties.[3] In that action in 1982, the district court granted summary judgement in favor of plaintiffs on Count I of Mr. Smythe's counterclaim. The United States Court of Appeals for the Sixth Circuit affirmed that order in Case No. 82–5448 on May 16, 1983. *Green, et al. v. Smythe,* 711 F.2d 1056 (6th Cir. 1983) (table) (unpublished per curiam). On February 9, 1990, and on May 11, 1990, the district court also granted summary judgment in favor of the plaintiffs on the last two counts, Counts III and II, respectively, of Smythe's counterclaim.[4] On July 3, 1991, the Sixth Circuit affirmed the latter two orders in Case No. 90–6131. *Green, et al. v. Smythe,* 936 F.2d 573 (6th Cir.1991) (table) (unpublished per curiam) (full text available on WESTLAW, CTA6 database). Appellant Smythe contends that he has petitioned for certiorari from the United States Supreme Court.

Since all counts of appellant's counterclaim have been dismissed, and since his Proof of Claim in this bankruptcy proceeding is based solely upon this counterclaim, appellant no longer appears to be a creditor and, consequently, no longer appears to have standing to pursue the instant appeal, which now appears moot. Accordingly, and as set forth below, appellant is ORDERED to show cause why the present appeal should not be dismissed for lack of standing and/or mootness.

If this court does not receive from appellant, within fourteen (14) days from the date of this order, written proof of a stay of execution and enforcement of the Sixth Circuit's decision(s) pursuant to 28 U.S.C. § 2101(f) and Rule 41 of the Federal Rules of Appellate Procedure or Rule 23 of the Supreme Court Rules, or proof that the United States Supreme Court has granted appellant's petition for certiorari, the instant appeal shall be dismissed.[5] Furthermore, because no additional issues have been presented for appeal and in light of the nature of this order, the court's previous briefing schedule for the appeal is STAYED until further order of the court.

The Clerk is DIRECTED to forward a copy of this order to appellant Stewart T. Smythe; R. Clinton Stackhouse, Esquire; Alexander P. Smith, Esquire; Harry W. Jernigan, Esquire; Raymond A. Jackson, Esquire, Assistant United States Attorney; Romano L. Mazzoli, Esquire; Debera F. Conlon, Assistant United States Trustee; and the United States Bankruptcy Court for the Eastern District of Virginia.

It is so ORDERED.

/s/Rebecca Beach Smith
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

October 7, 1991

---

**3.** The other six parties are: Philip D. Hightower, Theodore T. Fountain, Lawrence M. Fountain, Jan R. Goergen, Robert Fletcher, and James Ramey. The issues presented in the Kentucky case have no substantive relation to the bankruptcy case here in issue. Furthermore, aside from Mr. Green and Mr. Smythe, none of the parties in the Kentucky action is involved in the current bankruptcy appeal.

**4.** Count II, alleging that plaintiffs fraudulently induced Smythe to incur certain obligations, was dismissed without prejudice for failure, as a matter of law, to show any damages.

**5.** Actual grant of a writ of certiorari by the United States Supreme Court operates as a stay of judgment of a Court of Appeals, but mere petition for certiorari does not have such an effect. *See Glick v. Ballentine Produce, Inc.,* 397 F.2d 590 (8th Cir.1968).