**Freda J. BRODE, Appellant,**

v.

**David COHN; William H. Cohn; Forrest City Grocery Co., Inc., Appellees.**

**No. 91–3016.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1992.

Decided June 2, 1992.

---

**1238**

James Schaeffer, Memphis, Tenn., argued, for appellant.

Philip Kaplan, Little Rock, Ark., argued (Eugene G. Sayre and JoAnn C. Maxey, on the brief), for appellees.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Freda J. Brode appeals from a judgment of the district court[1] entered in favor of appellees David Cohn, William Cohn and Forrest City Grocery Company. We affirm.

From the mid–1970s through 1984, Forrest City Grocery Company was a family-owned and operated wholesale grocery warehouse business. Brode owned 160 shares in the company, which represented an 11.73% interest of the 1,364 shares outstanding. The remaining shares were owned by her sister Sylvia Walters, her brother William Cohn, and her nephew David Cohn. William was the president of the company and Sylvia and David were employees. In December 1982 William discovered that David had been embezzling from the company. It is undisputed that from 1980 to March 1983 David had embezzled approximately $943,000.00 to cover gambling debts.

1. The Honorable Elsijane T. Roy, United States Senior District Judge for the Eastern District of Arkansas.

Sometime in 1982 William approached Brode about purchasing her stock. In January 1985 Brode sold her shares to William for $175,950.00, which was based on 11.73% of the company's valuation at $1,500,000.00 without discount for a minority interest. William never informed Brode of David's embezzlement.

In March 1987 David pleaded guilty to failing to report the embezzled funds as income. In August 1989 Brode filed the instant action against William, David, and Forrest City Grocery Company, alleging William's failure to disclose David's embezzlement at the time of the stock purchase resulted in violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962 and 1964 (RICO), and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j and 78t. She also alleged violations of state securities law, common law fraud and deceit, and breach of fiduciary duty.

Before trial, the court granted appellees' motion for partial summary judgment on the RICO claim, holding that Brode failed to demonstrate a "pattern of racketeering activity." The case proceeded to trial on the remaining claims. Appellees' defense was that Brode was not damaged by William's failure to disclose the embezzlement because she received more than the fair market value of the stock. By special interrogatories, the jury found that although appellees breached their fiduciary duty and committed an act of deceit (interrogatories 2 and 3), it found that Brode was not entitled to compensatory damages (interrogatory 6). The jury also found no securities law violations (interrogatories 4 and 5).

On appeal Brode first argues that the court erred in denying her motion for a new trial on account of inconsistent verdicts. Brode may have failed to preserve this claim for review. This court has held that if "trial counsel fails to object to any asserted inconsistencies and does not move for resubmission of the inconsistent verdict before the jury is discharged, the party's right to seek a new trial is waived." *Lockard v. Missouri Pacific Ry.*, 894 F.2d 299, 304 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 134, 112 L.Ed.2d 102 (1990).

"The purpose of the rule is to allow the original jury to eliminate any inconsistencies without the need to present the evidence to a new jury." *Id.* There is no indication in the record on appeal that Brode moved to have the alleged inconsistencies resubmitted to the jury before entry of judgment.

In any event, we find Brode's claim regarding alleged inconsistencies without merit. " 'Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.' " *Id.* at 305 (quoting *Gallick v. Baltimore & O.R.R.*, 372 U.S. 108, 119, 83 S.Ct. 659, 666, 9 L.Ed.2d 618 (1963)). We agree with the district court that, when viewed as a whole, the answers to interrogatories 2 and 3 are not inconsistent with 4, 5, and 6. On the facts of this case, it is reasonable to conclude that the jury found that Brode was not damaged by any breach of fiduciary duty or act of deceit. This conclusion is supported by the jury's note inquiring whether it could award punitive damages if it found no compensatory damages.

Brode also argues that the court erred in granting summary judgment on her RICO claim on the ground that she failed to demonstrate a "pattern of racketeering activity." Although we believe that review of this claim is unnecessary in light of the jury finding of no damages, *see Police Retirement Syst. v. Midwest Inv. Advisory Serv., Inc.*, 940 F.2d 351, 358 (8th Cir.1991) (jury verdict of no liability on other counts eliminated need to reinstate an erroneously dismissed RICO claim), we find the claim to be without merit. "[T]he concept of a 'pattern' requires proof 'that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity.' " *Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 769 (8th Cir.1992) (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989)). Here, as the district court found, the asserted predicate acts were disjointed in time and sporadic in nature and posed "no threat of continued criminal activity." *See Lange v. Hocker*, 940 F.2d 359, 362 (8th Cir.1991) (no pattern of racketeering

**1240**

activity in alleged illegal takeover of corporation).

 Last, Brode argues that the court erred in denying a Fed.R.Civ.P. 60(b) motion alleging fraud. Brode filed the motion after she filed her notice of appeal. She, however, failed to file a notice of appeal following the district court's denial of the motion, and this court therefore lacks jurisdiction to review the denial. In *Winter v. Cerro Gordo County Conservation Bd.,* 925 F.2d 1069, 1073 (8th Cir.1991), this court explained that a district court may consider a Rule 60(b) motion, filed after a notice of appeal, on the merits and deny it. A separate appeal can thereafter be taken. *Cf. Ford v. Armontrout,* 916 F.2d 457, 461 (8th Cir.1990) (on appeal of underlying judgment court lacked jurisdiction to review denial of Rule 60(b) motion because of untimely notice of appeal following denial of motion), *cert. denied,* —— U.S. ——, 111 S.Ct. 1594, 113 L.Ed.2d 657 (1991).

Accordingly, the judgment of the district court is affirmed.