United States Bankruptcy Appellate Panel

FOR THE EIGHTH CIRCUIT

_____

No. 97-6043
_____

Caryn Merrifield,                          *
                                           *
          Plaintiff - Appellant,           *
                                           *
John V. LaBarge,                           *      Appeal from the United
States Bankruptcy
                                           *      Court for the Eastern District of
Missouri
                    Plaintiff,             *
                                           *
     v.                                    *
                                           *
John Benda,                                *
                                           *
          Defendant - Appellee.  *
                         _____

                    Submitted:  October 9, 1997
                     Filed: November 21, 1997
                         _____

Before KRESSEL, HILL and DREHER, Bankruptcy Judges.
                         _____

KRESSEL, Bankruptcy Judge


     The debtor, Caryn Merrifield, appeals an order of the bankruptcy

court[1] denying her request to avoid a pre-petition transfer pursuant to

11 U.S.C. § 548.  Since we conclude that the debtor lacks standing, we

dismiss her appeal.

---

[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern
District of Missouri.

1

**BACKGROUND**

The debtor filed a Chapter 13 case on April 9, 1996. On February 10, 1997, she filed a complaint against John Benda, alleging that her pre-petition transfer to him of a condominium unit was fraudulent in fact under 11 U.S.C. § 548(a)(1), and was for less than reasonably equivalent value under § 548(a)(2). The bankruptcy court granted the motion of John V. LaBarge, the trustee, to join the proceeding as a plaintiff. At trial, the debtor withdrew the allegation that the transfer was fraudulent in fact and pursued only her claim that the transfer was for less than reasonably equivalent value. The bankruptcy court found that the transfer was for reasonably equivalent value and entered judgment for the defendant. The debtor has appealed but the trustee has not. We dismiss the appeal because the debtor lacked standing to avoid the transfer and therefore lacks standing to pursue this appeal.

**DISCUSSION**

Statutory Standing

In this appeal, the debtor invokes 11 U.S.C. § 548 as the basis for avoiding her pre-petition transfer of a condominium unit. Section 548 of the Bankruptcy Code expressly confers avoidance powers on *trustees*. 11 U.S.C. § 548.[2] Therefore, we must preliminarily

---

[2] Section 548 provides, in pertinent part:
(a) The trustee may avoid any transfer of an interest of the debtor in property . . . that was made . . . on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
      (2)(A) received less than a reasonably equivalent value in exchange for such transfer . . . and
        (B)(I) was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer. . . .
11 U.S.C. § 548(a)(2)(A) & (B)(I).

determine whether a *debtor* enjoys standing to bring an avoidance action under § 548.

While Chapter 11 and Chapter 12 *debtors in possession* enjoy the powers of a trustee,[3] with one limited exception, the Bankruptcy Code contains no provision conferring avoidance powers on *debtors*. "There is no specific statutory provision generally authorizing Chapter 13 debtors to exercise trustees' avoidance powers." Hamilton v. Realty Portfolio, Inc. (In the Matter of Hamilton), 125 F.3d 292 (5th Cir. 1997).[4]

While we acknowledge that some courts have allowed Chapter 13 debtors to exercise the trustee's avoidance powers, see Freeman v. Eli Lilly Fed. Credit Union (In re Freeman), 72 B.R. 850 (Bankr. E.D. Va. 1987); Ottaviano v. Sorokin & Sorokin (Matter of Ottaviano), 68 B.R. 238 (Bankr. D. Conn. 1986); Einoder v. Mount Greenwood Bank (In re Einoder), 55 B.R. 319 (Bankr. N.D. Ill. 1985); In re Boyette, 33 B.R. 10 (Bankr. N.D. Tex. 1983), we think those cases are inconsistent with the Bankruptcy Code.

The Eighth Circuit has determined that the statutory language of § 548 expressly confers avoidance powers *exclusively* on the trustee. See Nangle v. Lauer (In re Lauer), 98 F.3d 378, 388 (8th Cir. 1996)

---

[3] 11 U.S.C. § 1107(a) provides that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee. . . ." 11 U.S.C. § 1203 provides that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee. . . ."

[4] 11 U.S.C. § 1303 authorizes debtors to exercise certain powers otherwise reserved for the trustee. Section 1303 provides that "[s]ubject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(l), of this title." 11 U.S.C. § 1303. A Chapter 13 debtor who is engaged in business also has some of the trustee's rights and powers under § 363(l) and § 364. Notably, section 548 powers are not among the enumerated powers.

3

("Section 548 by its terms provides that certain transfers by the

debtor prior to bankruptcy may be voided *only* by 'the trustee.'")
(emphasis added); <u>Saline State Bank v. Mahloch</u>, 834 F.2d 690, 694 (8th
Cir. 1987) (holding that "only the trustee or debtor in possession can
invoke the avoidance powers. . . ."); <u>see also</u> <u>Realty Portfolio, Inc. v.
Hamilton (In re Hamilton)</u>, 125 F.3d 292, 296 (5th Cir. 1997) ("There is
no specific statutory provision generally authorizing Chapter 13 debtors
to exercise trustees' avoidance powers."); <u>Hansen v. Finn (In re Curry &
Sorenson, Inc.)</u>, 57 B.R. 824, 827 (B.A.P. 9th Cir. 1986) (holding that §
548 actions "may only be asserted by a trustee. . . ."). Where Congress has
promulgated specific rules about who can exercise avoidance powers and under what circumstances, it is not
within the province of courts to confer those powers on others.

<u>§ 522(h)</u>

Despite section 548's reservation of avoidance powers solely to
trustees, the Code allows debtors to avoid transfers in limited
circumstances. <u>In re Hamilton</u>, 125 F.3d at 297 ("Congress has
specifically authorized narrow exceptions to the general rule that
Chapter 13 debtors lack standing to exercise the strong-arm powers of
Chapter 13 trustees."). 11 U.S.C. § 522(h) permits a debtor to avoid a
transfer of the debtor's property "to the extent that the debtor could
have exempted such property under subsection (g)(1) of this section if
the trustee had avoided such transfer. . . ." 11 U.S.C. § 522(h).

In <u>DeMarah v. United States (In re DeMarah)</u>, 62 F.3d 1248 (9th
Cir. 1995), the Ninth Circuit articulated a five-part test to determine
whether a debtor may exercise avoidance powers under § 522(h). Under
the test, a debtor may avoid the transfer if:  (1) the debtor's transfer
of property was involuntary;  (2) the debtor did not conceal the

property; (3) the

trustee did not attempt to avoid the transfer; (4) the debtor seeks to exercise an avoidance power enumerated under § 522(h); and (5) the transferred property could have been exempted if the trustee had avoided the transfer under the provisions of § 522(g). Id. at 1250.

In this case, the debtor fails to satisfy the first, third and final DeMarah factors since she voluntarily transferred the condominium unit, the trustee attempted to avoid the transfer and the debtor would not have been able to exempt the unit if the transfer were successfully avoided. Therefore, § 522(h) does not give the debtor standing to avoid the transfer.


Standing to Appeal

Since the debtor lacked standing to bring the avoidance action, she also lacks standing to appeal the decision of the bankruptcy court. In order to have appellate standing, courts require that a party make an independent showing that he or she is aggrieved by the challenged order. McGuirl v. White, 86 F.3d 1232, 1234 (D.C.Cir. 1996); Travelers Ins. Co. v. H. K. Porter Co., Inc., 45 F.3d 737, 741 (3d Cir. 1995); Lopez v. Behles (In re Am. Ready Mix, Inc.), 14 F.3d 1497, 1500 (10th Cir. 1994), cert. denied, 115 S.Ct. 77 (1994); In re El San Juan Hotel, 809 F.2d 151, 154 (1st Cir. 1987); Cosmopolitan Aviation Corp. v. New York State Dep't of Transp. (In re Cosmopolitan Aviation Corp.), 763 F.2d 507, 513 (2d Cir. 1985). In adopting the "person aggrieved" standard, courts have substantially followed the limitation on standing established under section 39(c) of the former Bankruptcy Act.[5] In re Am. Ready Mix, Inc., 14 F.3d at 1500. An aggrieved party is defined as one who is "directly

---

[5] 11 U.S.C. § 67(c) (1976) (repealed 1978).

and adversely affected pecuniarily by the order of the bankruptcy court." Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 443 (9th Cir. 1983). Thus, a party is a person aggrieved if an order "diminishes their property, increases their burdens, or impairs their rights." General Motors Acceptance Corp. v. Dykes (In re Dykes), 10 F.3d 184, 187 (3d Cir. 1993); In re Fondiller, 707 F.2d at 442.

In this case, the bankruptcy court judgment had no negative effect on the debtor's pecuniary interests, nor did it diminish her property, increase her burdens or impair her rights. If the transfer were avoided, Merrifield would gain nothing. Returning the condominium unit to the estate might increase the amount received by Merrifield's creditors, but it would not provide any benefit to her. Therefore, she is not a person aggrieved for purposes of appealing the order.

**CONCLUSION**

We conclude that Merrifield did not have standing to pursue the avoidance action and lacks standing to appeal the bankruptcy court's judgment. We therefore dismiss Merrifield's appeal.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT.