**In re KIEFFER–MICKES, INC., Debtor.**

**Carolynne M. KIEFFER and Kieffer–Mickes, Inc., Appellants,**

**v.**

**Charles W. RISKE, Appellee.**

**BAP No. 98–6029.**

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Sept. 9, 1998.

Decided Nov. 3, 1998.

Carolynne Kieffer, St. Louis, MO, pro se.

Charles W. Riske, St. Louis, MO, for appellee.

Before KOGER, Chief Judge, HILL, and DREHER, Bankruptcy Judges.

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court dated January 20, 1998,[1] denying a motion by Appellant, Carolynne M. Kieffer (Kieffer), for an order revoking distribution of funds made pursuant to the bankruptcy court's order of September 20, 1996. We affirm.[2]

## PROCEDURAL HISTORY

### A. The Order Allowing Claim Number 7

Appellant, Kieffer–Mickes, Inc. (Debtor), filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 26, 1991. Kieffer was Debtor's sole shareholder and President. The case was subsequently converted to one under Chapter 7 and Appellee, Charles W. Riske (Trustee), was appointed as trustee.

In the course of administering the estate the Trustee reviewed the claims that had been filed and determined to object to several, including Claim Number 7 in the amount of $185,000 filed by Luttrell Construction Co. and Claim Number 10 in the amount of $42,-140 filed by Kieffer. After the Trustee had been supplied with supporting documentation, however, he concluded that Claim Number 7 should be allowed in the amount of $104,000. However, he continued to press his objection to Claim Number 10. Well in advance of the hearing on objections, the Trustee advised Kieffer of his position and further that, if she wished to make her views known, she could do so at the hearing.

A hearing on claim objections was held on November 10, 1993. Kieffer appeared at the hearing and orally objected to the allowance of a number of claims that had been filed,

1. The Honorable James J. Barta, United States Bankruptcy Judge, Eastern District of Missouri.

2. Appellants seek oral argument which we have determined is unnecessary.

including Claim Number 7. She also filed a written objection in which she made many complaints and insisted that the Trustee had failed to adequately investigate claims, including Claim Number 7.

On November 19, 1993, the bankruptcy court issued its order overruling Kieffer's objections to Claim Number 7, finding that the Trustee had adequately investigated the claim, noting that Kieffer's arguments regarding the claim had either been determined adversely to her in the bankruptcy case or in prior nonbankruptcy proceedings, and allowing the claim in the sum of $104,000 as a general unsecured claim. Kieffer did not appeal the November 19, 1993 order. The court also sustained the trustee's objection to Kieffer's claim in its entirety. Kieffer filed an appeal from this adverse ruling, but her appeal was subsequently dismissed.

### B. The Order Approving Distributions

On July 16, 1996, the Trustee filed a "Final Report, Proposed Distribution and Motion for Abandonment." In it, the Trustee proposed to distribute $42,120.25 to Luttrell Construction on Claim Number 7 (its pro rata share of the $45,817.44 available to pay general unsecured claims based on its allowed claim of $104,000). There would be no distribution to Kieffer on her claim. Kieffer was served with a copy of the report. Kieffer objected to several proposed distributions to creditors, including an objection to any distribution on Claim Number 7. She asserted that Claim Number 7 was not supported by reliable evidence, had not been adequately investigated, and was supported by "misleading and bogus documents."

By order dated September 20, 1996 (the September 20 order), the bankruptcy court overruled her objections, specifically finding that her objections to a distribution on Claim Number 7 were repetitious and untimely and did not present any legal basis for denial of payment.

Kieffer then filed a "Motion to Set Aside The Order to Pay Out Distribution on the Basis of Fraud." She specifically stated: "The claims and invoices presented to the Trustee and to the Court by Bob F. Luttrell [President of Luttrell Construction Co.] represent misleading documents and statements with little or no basis in truth, and there is no legitimate basis for his claims." By order dated October 2, 1996, the bankruptcy court denied her motion. Kieffer filed an appeal from the September 20 order and she and the Debtor also made a motion before the bankruptcy court for a stay of any distributions, a stay pending appeal, and a rehearing on the September 20 order. By order dated October 10, 1996, the bankruptcy court denied these motions, finding that the matters raised in the motion had been fully litigated previously and that the movants had presented no credible evidence to support any allegation of "newly found evidence." No appeal was taken from this order.

By order dated September 27, 1997, the district court subsequently dismissed the appeal from the September 20 order for failure to prosecute. A motion to reconsider was denied by the district court on November 10, 1997. Kieffer and the Debtor have appealed the dismissal to the Eighth Circuit Court of Appeals and their appeal is still pending. No stay having been obtained, however, the Trustee has made the distributions to creditors authorized by the September 20 order.

### C. The Motion to Revoke Distribution

Between 1994 and December 1997, Kieffer asserts Bob Luttrell lived in her home over her objection. She asserts the relationship was abusive. She further states that she obtained a protective order and had him removed from the home in December 1997. On December 30, 1997, Kieffer made a motion seeking to have the bankruptcy court revoke the distribution that had been made to Luttrell Construction Co. on Claim Number 7 pursuant to the September 20 order. In this motion Kieffer asserted, once again, that she had new evidence to establish the fraudulent nature of Claim Number 7 and that no distribution should ever have been made on Claim Number 7.

In an order dated January 20, 1998, which is the subject of the present appeal, the bankruptcy court denied the request for relief and specifically found that the motion was repetitive of prior motions, the allega-

tions of newly discovered evidence had not been established, and unsupported and generalized allegations of fraud provided no basis for setting aside the September 20 order.

## DISCUSSION

### A. Positions of the Parties

Appellants contend that they have newly discovered evidence which establishes that Claim Number 7 should never have been allowed because it was supported by fraudulent or misleading information. Appellants' briefs continue to assert that the Trustee has failed to conduct a thorough investigation of the claim and that the Trustee "conspired" with the claimant so as to allow the claim.

Appellee asserts that since the September 20 order is on appeal, this court is without jurisdiction to act in the present appeal. He also asserts that the October 10, 1996 order, which denied reconsideration of the September 20 order, addressed these very allegations and, under the doctrine of res judicata, bars further litigation on the issues raised in this appeal. Finally, Appellee asserts that issues raised in this appeal have been rendered moot because distributions have been made pursuant to the September 20 order.

### B. Standard of Review

We review the legal conclusions of the bankruptcy court *de novo*. *First Nat'l Bank v. Pontow*, 111 F.3d 604, 609 (8th Cir.1997); *Chamberlain v. Kula* (*In re Kula*), 213 B.R. 729, 735 (8th Cir. BAP 1997). We review discretionary actions of the bankruptcy court for abuse of discretion, which may only be found if the lower court's judgment was based upon clearly erroneous factual findings or erroneous legal conclusions. *Barger v. Hayes County Non–Stock Co-op* (*In re Barger*), 219 B.R. 238, 243 (8th Cir. BAP 1998) (citing *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 2518, 138 L.Ed.2d 1020 (1997)). "Under an abuse of discretion standard, this court cannot reverse the bankruptcy court's ruling unless it 'has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant fac-

tors.' " *Nelson v. Siouxland Fed. Credit Union* (*In re Nelson*), 223 B.R. 349, 352 (8th Cir. BAP 1998) (quoting *Beguelin v. Volcano Vision, Inc.* (*In re Beguelin*), 220 B.R. 94, 97 (9th Cir. BAP 1998)).

### C. Standing

We first address an issue which neither party raised and which the bankruptcy court did not consider, that is whether Kieffer and/or the Debtor have standing to pursue this appeal. To have standing to pursue an appeal, a party must make an independent showing that the party is aggrieved by the order or judgment which is subject of the appeal. *LaBarge v. Benda* (*In re Merrifield*), 214 B.R. 362, 365 (8th Cir. BAP 1997). In this context, an "aggrieved party is one who is 'directly and adversely affected pecuniarily by the order of the bankruptcy court.' " *Id.* (quoting *Fondiller v. Robertson* (*In re Fondiller*), 707 F.2d 441, 443 (9th Cir.1983)); *Cult Awareness Network, Inc. v. Martino*, 151 F.3d 605, 607 (7th Cir.1998) (only persons affected pecuniarily by a bankruptcy order have standing to appeal that order).

Kieffer no longer has any individual claim in the bankruptcy estate. Her claim was objected to by the Trustee and disallowed by the bankruptcy court. Her appeal from that disallowance has been dismissed. Thus, no assets of the estate can possibly go to Kieffer. Therefore, the distribution of estate assets does not pecuniarily affect Kieffer and she does not have standing in this matter. *Merrifield*, 214 B.R. at 365. *See also In re Green*, 133 B.R. 185, 186–87 (E.D.Va.1991) (holding that dismissal of a creditor's claim precluded further standing in the case).

Typically, a Debtor has no standing to object to claims or orders relating to them because the debtor does not have a pecuniary interest in the distribution of the assets of the estate. *Kapp v. Naturelle, Inc.*, (*In re Kapp*), 611 F.2d 703, 706–07 (8th Cir.1979); *Broady v. Miner* (*In re Broady*), 96 B.R. 221, 223 (Bankr.E.D.Mo.1988) (citing *Kapp*). This is because an objection to a proposed distribution only affects how much each cred-

itor will receive and does not affect the debtor's rights. *See Merrifield,* 214 B.R. at 366; *In re El San Juan Hotel,* 809 F.2d 151, 154–55 (1st Cir.1987). The exception is where it appears that, if the contested claims are disallowed, there will be a surplus. *Kapp,* 611 F.2d at 707; *see also McGuirl v. White,* 86 F.3d 1232, 1234 (D.C.Cir.1996); *San Juan Hotel,* 809 F.2d at 155 n. 6. In this case, this exception applies. The Trustee's Final Report and Account reflects that $45,817.44 was available for payment to general unsecured creditors. Excluding Claim Number 7, which is the subject of this appeal, general unsecured claims totaled $8,243.64. Thus, if there is no distribution on Claim Number 7 and the other general unsecured creditors were paid in full, there would be a $37,573.80 surplus left to be returned to the Debtor. Because of this potential surplus, the Debtor, at least, has standing to contest issues relating to the distribution. *Kapp,* 611 F.2d at 706–07; *McGuirl,* 86 F.3d at 1234; *San Juan Hotel,* 809 F.2d at 155 n. 6.

## D. Relief Under Bankruptcy Rule 9024

On the assumption that at least one Appellant has standing, we move to the merits. Stripped to its basics, this appeal is one which challenges the September 20 order on two grounds. Each ground is without merit for a separate reason.

■ First, Appellants assert that the September 20 order was erroneous in the first instance. According to Appellants, no order allowing distributions should have been entered because Claim Number 7 was not allowable under the applicable provisions of the Bankruptcy Code. That question, and the responsive arguments of mootness and res judicata, are currently pending before a different appellate court, the Eighth Circuit Court of Appeals. Since the Circuit Court is deciding those issues, we obviously lack jurisdiction to consider them. *Liddell v. Board of Educ.,* 73 F.3d 819, 822 (8th Cir.1996) ("Once appealed, issues before the appellate court should not be undermined or altered." (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals....")))).

■ Appellants' real argument, however, is made in an entirely different procedural context. Appellants argue that the September 20 order authorizing the distribution to creditors should be revoked because Appellants have newly discovered evidence suggesting the order was procured by fraud. Although not framed as such, Appellants essentially are requesting relief from the September 20 order under Fed. R. Bankr.P. 9024, which incorporates Fed.R.Civ.P. 60. This rule allows a court to relieve a party from the effects of an order or judgment under limited circumstances, including (1) "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," (2) "fraud (whether heretofore denominated intrinsic or extrinsic)," or (3) "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(2), (3), and (6). Relief under Rule 60(b) is "an extraordinary remedy that allows the court 'to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts.'" *Hoover v. Valley West D M,* 823 F.2d 227, 230 (8th Cir.1987) (quoting *Rosebud Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 515 (8th Cir. 1984)); *see also Design Classics, Inc. v. Westphal (In re Design Classics, Inc.),* 788 F.2d 1384, 1386 (8th Cir.1986). Granting or denying a motion under Rule 60(b) is within the discretion of the trial court and may only be reviewed for an abuse of discretion. *Design Classics,* 788 F.2d at 1386.

### 1. Jurisdiction

■ While courts have differed on the question, *see* 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2873, (2d ed.1995), the law in this circuit is clear. A motion for relief from a judgment or order filed after a notice of appeal from the same order has been taken may be considered on its merits and *denied,* but not *granted,* by the trial court. *Brode v. Cohn,* 966 F.2d 1237, 1240 (8th Cir.1992) (citing *Winter v. Cerro Gordo County Conservation Bd.,* 925 F.2d

1069, 1073 (8th Cir.1991)). The trial court may also indicate its willingness to grant such an order and instruct the parties to seek an order staying further proceedings on appeal and remanding the case to the trial court for a ruling on the motion. *Winter v. Cerro Gordo County Conservation Bd.,* 925 F.2d 1069, 1073 (8th Cir.1991). Accordingly, the bankruptcy court had jurisdiction to hear appellants' motion for relief from the September 20 order and to *deny* it, which it did.

2. Asserted Grounds for Relief from the Judgment

Essentially, Appellants' arguments fall within Rule 60(b)(2) and (b)(3) because they allege the discovery of new evidence and the existence of fraud. In order to obtain relief under (b)(2), the moving party must show that "(1) the evidence was discovered after trial; (2) the party exercised due diligence to discover the evidence before the end of the trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *McCormack v. Citibank, N.A.,* 100 F.3d 532, 542 (8th Cir.1996); *see also, e.g., Mitchell v. Shalala,* 48 F.3d 1039, 1041 (8th Cir.1995). Under (b)(3), the moving party must show by clear and convincing evidence that her opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting her case. *Cowan v. Strafford R–VI School Dist.,* 140 F.3d 1153, 1159 (8th Cir.1998) (citing *E.F. Hutton & Co. v. Berns,* 757 F.2d 215, 216–17 (8th Cir.1985)); *see also, e.g., Greiner v. City of Champlin,* 152 F.3d 787, 789 (8th Cir. 1998).

Under either Rule 60(b)(2) or (b)(3), the moving party bears a heavy burden. Rule 60 provides extraordinary relief; and, therefore, it is viewed with disfavor. *See Rosebud Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 515 (8th Cir.1984). In addition to this heavy burden, such a motion must be made within a reasonable time and, in any event, not more than one year after the order was entered. Fed. R. Civ. P 60(b); *MacLean v. Ozark Mountain Country Mall, Inc. (In re Branson Mall, Inc.),* 970 F.2d

456, 462 (8th Cir.1992); *Pioneer Ins. Co. v. Gelt,* 558 F.2d 1303, 1311 (8th Cir.1977). Appellants' motion for relief from the September 20 order was not made within this one year time frame. In any event, Appellants' motion is woefully deficient in meeting the stringent evidentiary requirements for achieving success on the merits. Appellants simply vaguely complain about the outcome of the matter. A Rule 60 motion is not the vehicle for restating old complaints and rearguing old evidence dealt with earlier in the proceedings. *Design Classics v. Westphal (In re Design Classics ),* 788 F.2d 1384, 1386 (8th Cir.1986) (stating that the proper vehicle for addressing concerns such as these is the direct appeal).

Nor is relief available under Rule 60(b)(6), which may, in an appropriate circumstance, not be subject to the outside one year time bar. *Schultz v. Commerce First Financial,* 24 F.3d 1023, 1025 (8th Cir.1994). Subdivisions (b)(2) and (b)(3) of Rule 60, on the one hand, and subdivision (6), on the other, are mutually exclusive. Thus, a motion for relief under Rule 60(b)(6) cannot be premised on one of the grounds for relief enumerated in subdivisions (b)(2) and (b)(3). *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 & n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *see also United States v. Dakota Cheese, Inc.,* 923 F.2d 576, 577 (8th Cir.1991). As Appellants' motion falls squarely under (b)(2) and (b)(3), they cannot seek relief under (b)(6).

The bankruptcy court did not abuse its discretion in denying the motion to revoke the distribution made pursuant to the September 20 order.

ACCORDINGLY, for the reasons stated, we AFFIRM.