# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-1630

_____

In re: James T. Kirwan,                    *
also known as Jim Kirwan;                  *
Shirley M. Kirwan,                         *
                                           *
            Debtors.                       *
                                           *
_____                                *
                                           *
James T. Kirwan,                           *
also known as Jim Kirwan;                  *
Shirley M. Kirwan,                         *
                                           *
            Debtors - Appellants,          *
                                           *
v.                                         *   Appeals from the United States
                                           *   District Court for the
Harry Vanderwerf;                          *   District of South Dakota.
Betty Vanderwerf;                          *
David Vanderwerf,                          *
                                           *
            Creditors - Appellees.         *
_____                                *
                                           *
No. 98-1633                                *
_____                                *
                                           *
In re: William P. Kirwan,                  *
                                           *
            Debtor.                        *
_____                                *
                                           *
William P. Kirwan,                         *

```
                                    *
        Debtor - Appellant,         *
                                    *
v.                                  *
                                    *
Harry Vanderwerf;                   *
Betty Vanderwerf;                   *
David Vanderwerf,                   *
                                    *
        Creditors - Appellees.      *
                        _____
```

Submitted: December 16, 1998
Filed: January 19, 1999
_____

Before MURPHY, JOHN R. GIBSON, and MAGILL, Circuit Judges.
_____

MURPHY, Circuit Judge.

James, Shirley, and William Kirwan filed Chapter 12 bankruptcy petitions under 11 U.S.C. § 1201 et seq., and Harry, Betty, and David Vanderwerf filed claims in both bankruptcy cases, as well as motions to lift the automatic stay to permit them to proceed with litigation on a fraud claim against the Kirwans. The bankruptcy court[1] granted the Vanderwerfs relief from the automatic stay some time after it had denied their amended proofs of claim for failure to respond to the debtors' objections, and the district court[2] affirmed. In this consolidated appeal the Kirwans continue to challenge the decision to grant relief to the Vanderwerfs. We affirm.

_____

[1]The Honorable Irvin N. Hoyt, United States Bankruptcy Judge.

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

2

James and Shirley Kirwan and their son William were general partners of the Kirwan Ranch partnership.[3] In 1991, Kirwan Ranch and David Vanderwerf purchased real property in South Dakota, taking possession as tenants in common. David Vanderwerf and his parents, Harry and Betty, provided $83,300 of the total $192,000 purchase price, but only David's name was to appear on the deed.

The Kirwan Ranch partnership experienced financial difficulties beginning in 1993. In 1995 the partnership asked David Vanderwerf to execute a quit claim deed conveying his share of the property to the partnership. The Kirwans told him that the deed would not be recorded, that it would only be used to satisfy the concerns of a potential lender, and that the proceeds of the loan would be used to buy out his interest in the land. After David signed the deed, however, the Kirwans recorded it. The Vanderwerfs soon learned that the partnership had contracted to sell the property to Gerald and Leona Kirwan without consulting David, and their attorney arranged a meeting with representatives of the partnership. The partnership agreed at the meeting it would reconvey the property to David if within sixty days it could not secure financing and reimburse the Vanderwerfs for their investment. The Vanderwerfs threatened to sue after they received nothing during the next sixty days, and Gerald and Leona Kirwan then executed a mortgage on the property to First Western Bank, NA.

On May 20, 1996 the Vanderwerfs filed a state court action against the three Kirwans, alleging fraud in obtaining the quit claim deed, and the Kirwans subsequently filed bankruptcy petitions on January 17, 1997. James and Shirley filed jointly; William petitioned separately. In each case, the Vanderwerfs filed claims and amended

_____

[3]The background facts related to the underlying transactions between the parties are taken from the findings of fact and conclusions of law of the trial court in the state fraud action, Appellees' App. Tab. 1 (Vanderwerf v. Kirwan, CIV 96-31 (S.D. Cir. Ct. Nov. 17, 1997)), and the opinion of the South Dakota Supreme Court. Vanderwerf v. Kirwan, 586 N.W.2d 858 (S.D. 1998).

proofs of claim with the bankruptcy court in March and April which were based on their experiences with the Kirwan partnership. The Kirwans objected to the proofs of claim, and a hearing on their objections was scheduled for May 15, 1997. In the meantime the Vanderwerfs had filed motions for relief from the automatic stay on May 5, 1997, and a hearing on these motions was set for June 26, 1997. Counsel for the Vanderwerfs failed to appear at the hearing on May 15 on the debtors' objections to their amended proofs of claim, and the court entered orders on May 30 in both cases denying the amended proofs of claim. After the Vanderwerfs appeared at the hearing on June 26 on their motions to lift the stay, the bankruptcy court heard arguments and then granted them relief from the automatic stay on July 17. The Vanderwerfs later won a state court judgment on their fraud claim for $103,223.92, compensating them for their initial investment of $83,300 plus prejudgment interest.

The debtors appealed the orders lifting the stay to the federal district court which ruled that the bankruptcy court had the power to reconsider its prior decision and consider the motions for relief from stay under 11 U.S.C. § 502(j) and Fed. R. Civ. P. 60(b). The debtors argue on appeal that the bankruptcy court did not have discretion to lift the stay after having issued orders denying the Vanderwerfs' amended proofs of claim. They contend that the Vanderwerfs' failure to make a formal motion under § 502(j) or Rule 60(b) foreclosed the bankruptcy court from granting them relief.

The bankruptcy code allows a court to reconsider an allowed or disallowed claim "for cause" and provides that such claims may be "allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). The court's broad remedial powers extend to deciding the procedure necessary to invoke them; the court need not wait for a formal motion and may reconsider a claim sua sponte. See In re Yagow, 62 B.R. 73, 78 (Bankr. D.N.D. 1986). Like the district court, we review the bankruptcy court decision under § 502(j) only for abuse of discretion. See Halverson v. Estate of Cameron (In re Mathiason), 16 F.3d 234, 239 (8th Cir. 1994).

4

Rule 60(b), made applicable to bankruptcy cases by Bankruptcy Rule 9024, allows a court to grant relief from a judgment or order in the case of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or "any other reason justifying relief." See, e.g., Kieffer v. Riske (In re Kieffer-Mickes, Inc.), 226 B.R. 204, 209 (B.A.P. 8th Cir. 1998). This rule may be liberally construed to do substantial justice to allow parties to air meritorious claims in the absence of fault or prejudice. See MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 756-57 (8th Cir. 1996). The grant or denial of relief under Rule 60 is also reviewed for abuse of discretion. See Design Classics, Inc. v. Westphal (In re Design Classics, Inc.), 788 F.2d 1384, 1386 (8th Cir. 1986).

General equitable principles govern the exercise of discretion. Courts may consider whether delay would prejudice the debtors or other creditors, the reason for the delay and its length and impact on efficient court administration, whether the creditors acted in good faith, whether clients should be penalized for counsel's mistake or neglect, and whether claimants have a meritorious claim. See In re Resources Reclamation Corp. of Am., 34 B.R. 771, 774 (B.A.P. 9th Cir. 1983) (interpreting predecessor to Bankruptcy Rule 3008 which grants broad discretion to reconsider claims upon the motion of a party in interest); Fasson v. Magouirk (In re Magouirk), 693 F.2d 948, 951 (9th Cir. 1982) (commenting on the "excusable neglect" standard applicable under Rule 60(b)).

In light of the circumstances here, the decision to lift the automatic stay was not inappropriate. It implicitly involved reconsideration of the court's prior orders. The equities of the situation favored not enforcing the earlier orders which would have prevented the Vanderwerfs from proceeding with their fraud action without the bankruptcy court's ever considering their motion to lift the stay.[4] The Kirwans had

_____

[4]At oral argument counsel for the Kirwans was asked whether at the meeting on their objections he had mentioned the Vanderwerfs' pending motions for relief from stay or the hearing scheduled on them. Counsel could not say that he had.

notice of the pending state court action before they filed for bankruptcy protection, and they knew about the motions to lift the stay. They also knew that a hearing on the motions was set for June 26, and they appeared at that time to defend the prior orders. Although the Vanderwerfs should have appeared at the May 15 hearing on the Kirwans' objections to their amended proofs of claim, there is no hint in the record that this failure was a result of bad faith. In reaching its decision, the bankruptcy court was entitled to consider the sequence of relevant events and counsel's inexperience in bankruptcy matters. The same considerations also justified the court's treatment of the motions as invoking its discretionary reconsideration powers even in lieu of a formal motion. The state fraud action was resolved with minimal delay, and considerations of justice favored permitting the Vanderwerfs' claim to be heard.

Because we find that the bankruptcy court did not abuse its discretion in granting relief from the automatic stay and agree with the district court that it was not inappropriate for the bankruptcy court to reconsider its prior orders, we affirm.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.