FILED
United States Court of Appeals
Tenth Circuit

May 10, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  ROBERT M. LANE, a/k/a Bob
Lane,

     Debtor.

-----------------------------

ROBERT M. LANE,

     Appellant,

v.

GARY A. BARNEY, Trustee, Chapter 7
Trustee; VIKKI LANE,

     Appellees.

No. 15-8102
(D.C. No. 1:15-CV-00114-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

     Proceeding pro se, Robert Lane appealed a bankruptcy court ruling to the

district court, which appeal was dismissed for lack of standing.  Lane appeals.

Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This is one of two related appeals. The other, docket number 15-8092, is an appeal from the dismissal of a district court lawsuit in which Lane sought to collaterally challenge his ex-wife's proof of claim against his bankruptcy estate as fraudulent. In the case before us, Lane challenges the bankruptcy court's approval of the settlement of the proof of claim. We agree with the district court that Lane cannot assert standing to pursue this appeal.

It is axiomatic that "the party invoking federal jurisdiction [must] have standing." Davis v. Fed. Election Comm'n, 554 U.S. 724, 732 (2008). Yet Lane repeatedly conceded in the bankruptcy court that he lacked standing. In particular, he agreed to a settlement that provided that he "shall not have any standing to object, join, or otherwise be heard on any matter or proceeding in any pending or future matter in connection with administering [his] Bankruptcy Case."[1] And after a motion was submitted to the court to approve the settlement of his ex-wife's proof of claim, Lane submitted a letter stating that he was "not claiming standing." Despite these concessions, he now reverses course and asserts that he has standing to appeal.

When an issue is intentionally relinquished, abandoned, or conceded in the trial court, it is deemed waived and not subject to consideration on appeal. Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127 (10th Cir. 2011); Lyons v. Jefferson Bank & Tr., 994

---

[1] Lane asserts that he conceded only that he did not have standing in the underlying bankruptcy case. But the plain language of the settlement agreement described that he did not have standing in "any pending or future matter in connection with administering [his] Bankruptcy Case." In this action, he seeks to challenge decisions of the bankruptcy court in administering the bankruptcy case, and this appeal thus arises "in connection with" that case, falling within the scope of the settlement agreement.

2

F.2d 716, 720-21 (10th Cir. 1993). Having conceded that he does not have standing in the bankruptcy proceedings, he may not now assert standing in an appeal of those proceedings. See In re Merrifield, 214 B.R. 362, 365 (B.A.P. 8th Cir. 1997) (a debtor that lacks standing to take action in the bankruptcy court also lacks standing on appeal).[2]

The district court's dismissal for lack of standing is **AFFIRMED**. Lane's motion to proceed in forma pauperis is **DENIED**. Appellees' motions to dismiss are **DENIED** as moot.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Because Lane does not have standing to pursue this appeal, we do not reach his argument that the district court judge should have been recused.