**In re Patricia Marie WOOD, Debtor.**

**Patricia Marie Wood, Plaintiff,**

**v.**

**Larry Mize and Wanda Mize, Defendants.**

**Bankruptcy No. 03–30504–JWV.**
**Adversary No. 03–03024–JWV.**

United States Bankruptcy Court,
W.D. Missouri.

Oct. 28, 2003.

---

**3.** *Id.*

559

Jon M. Gold, Reynolds, Gold & Grosser, Springfield, MO, for Plaintiff.

Thomas Lynn Williams, Joplin, MO, for Defendant.

### *ORDER*

JERRY VENTERS, Bankruptcy Judge.

This matter comes before the Court on competing motions for a judgment on the pleadings. Plaintiff, Patricia Marie Wood ("Wood"), initiated this adversary proceeding by filing a Complaint to Avoid Preferential Lien against two creditors of her Chapter 13 bankruptcy estate, Larry and

Wanda Mize ("Mizes"). Wood alleged that the Mizes' execution on a judgment lien against Wood's 1987 Friendship manufactured home ("manufactured home") satisfied all the criteria for avoidance as a preferential transfer under 11 U.S.C. § 547. The Mizes' Answer admitted the allegations in Wood's Complaint, and requested that the Court only avoid their judicial lien to the extent of Wood's exemptions. After a pre-trial conference, at which counsel advised the Court there were no factual disputes, Wood filed a Motion for a Judgment on the Pleadings for the relief requested in her adversary complaint. The Mizes also filed a Motion for a Judgment on the Pleadings asking the Court to determine whether a Chapter 13 debtor has standing to bring an adversary proceeding to avoid a preferential transfer, and reiterating their request that the Court limit any lien avoidance to the extent of Wood's available exemptions. The Court conducted a telephone conference call on this matter on September 9, 2003, and after taking the matter under advisement, the Court is now prepared to rule that Wood lacks standing as a Chapter 13 debtor to bring a preference action under § 547 against the Mizes, that the Chapter 13 trustee be joined as a party plaintiff, and that the relief requested in the Plaintiffs' adversary complaint be granted.

## I. STANDARD OF REVIEW

 In reviewing a motion for a judgment on the pleadings, the court accepts as true all facts pleaded by the non-moving party, and grants reasonable inferences from the pleadings in favor of the non-moving party. *Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir.

2002). The court grants a motion for a judgment on the pleadings only when the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c); Fed. R. Bankr.P. 7012(c); *National Car Rental System, Inc. v. Computer Associates International, Inc.*, 991 F.2d 426, 428 (8th Cir.1993), *cert. denied*, 510 U.S. 861, 114 S.Ct. 176, 126 L.Ed.2d 136 (1993). If matters outside the pleadings are presented, the motion for a judgment on the pleadings is treated as a motion for summary judgment and all parties must be allowed to present material pertinent to a motion under Rule 56. Fed. R. Bankr.P. 7012(c).

## II. BACKGROUND

The Mizes obtained a state court judgment against Wood for $17,487.47.[1] To execute the judgment, the Mizes levied against Wood's manufactured home and the sheriff filed that execution with state court on March 18, 2003. In an effort to save her home, Wood filed for Chapter 13 bankruptcy protection on April 22, 2003. As judicial lienholders, the Mizes would be able to obtain a greater satisfaction of Wood's debt than if the Mizes had remained unsecured creditors in a Chapter 7 proceeding.

In valuing her manufactured home for the purposes of Schedule B—Personal Property, Wood estimated that its trade-in value was only $1,200.00. After having a third party view her home, Wood amended her Schedule B to reflect a value of $18,000.00. The Mizes, on the other hand, objected to Wood's Chapter 13 plan, in part, on the basis that the correct valuation of the manufactured home was

---

**1.** The pleadings do not indicate the date the judgment was obtained. Presumably, it was

outside the 90–day preference period.

$33,482.00. Pursuant to Schedule C—Property Claimed as Exempt, Wood claimed $1,378.00 of the value of the manufactured home as exempt from attachment under Missouri State law. *See* Mo.Rev. Stat. § 513.430.1(4) and (6). Rather than listing her debt to the Mizes as a secured claim, Wood listed that debt in her Amended Schedule F—Creditors Holding Unsecured Nonpriority Claims.

## III. DISCUSSION

Wood asserts that she has standing as a debtor in a Chapter 13 proceeding to bring an avoidance action in place of the trustee. Should the Court determine that Wood has standing, Wood contends that the execution of the judicial lien is avoidable in its entirety as a preferential transfer. The Mizes contend that their lien cannot be avoided in its entirety, and that Wood is only entitled to void their judicial lien to the extent of her $1,378.00 in claimed exemptions.

■ As a preliminary matter, the Court notes that "[t]here is no specific statutory provision generally authorizing Chapter 13 debtors to exercise trustees' avoidance powers." *Realty Portfolio, Inc. v. Hamilton (In re Hamilton)*, 125 F.3d 292, 296 (5th Cir.1997). *See also Nangle v. Lauer (In re Lauer)*, 98 F.3d 378, 388 (8th Cir. 1996) ("Section 548 by its terms provides that certain transfers by the debtor prior to bankruptcy may be voided only by 'the trustee.' "); *Mast v. Borgess Medical Center (In re Mast)*, 79 B.R. 981, 982 (Bankr. W.D.Mich.1987) (providing that there is no statutory authority for a Chapter 13 debtor to use the Chapter 5 avoidance powers). Courts have generally denied standing to Chapter 13 debtors who assert a preferential transfer cause of action under 11 U.S.C. § 547. *See Holcombe v. Debis Financial Services (In re Holcombe)*, 284 B.R. 141, 145 (Bankr.N.D.Ala.2001) (stating that a debtor lacks standing to bring an avoidance action under § 547); *Miller v. Brotherhood Credit Union (In re Miller)*, 251 B.R. 770, 773 (Bankr.D.Mass. 2000) (same); *Cardillo v. Andover Bank (In re Cardillo)*, 169 B.R. 8, 11 (Bankr. D.N.H.1994) (same); *Pilgreen v. Brown & Williamson Federal Credit Union (In re Pilgreen)*, 161 B.R. 552, 554 (Bankr. M.D.Ga.1989) (same). *Contra Straight v. First Interstate Bank of Commerce (In re Straight)*, 200 B.R. 923, 928 (Bankr.D.Wyo. 1996) (providing that a Chapter 13 debtor has standing to commence avoidance actions under § 547, provided that any recovery obtained is deposited with the Chapter 13 trustee for distribution to the unsecured creditors). *See also Steder v. Surplus Properties, Inc. (In re Steder)*, 2002 WL 1729502 at *7, 2002 Bankr.LEXIS 764 at *20, 48 Collier Bankr.Cas.2d (MB) 826 (Bankr.N.D.Ill.2002) (allowing a Chapter 13 debtor to pursue a preference action); *Einoder v. Mount Greenwood Bank (In re Einoder)*, 55 B.R. 319, 322–23 (Bankr.N.D.Ill.1985) (same)[2]; *In re Weaver*, 69 B.R. 554, 556 (Bankr.W.D.Ky.1987)

---

**2.** The court further elaborated:

More importantly, the Court should not be blind to the realities of bankruptcy practice. It is clear that the Chapter 13 debtor is the most appropriate party to seek such a recovery. While the trustee, as representative of the estate, usually is the only party to have standing to pursue the avoiding powers granted under the Bankruptcy Code, see 11 U.S.C. §§ 323, 544–553, it is also clear that in Chapter 13 cases the trustee rarely, if ever, pursues such actions because the trustee reaps little benefit for the amount of time and effort involved. The trustee would have to hire an attorney and litigate the action. Should the trustee succeed, any recovery becomes property of the estate and goes to the debtor.

55 B.R. at 322. *Cf. LaBarge v. Benda (In re Merrifield)*, 214 B.R. 362, 364 (8th Cir. BAP 1997) (stating that *Einoder* was inconsistent with the Bankruptcy Code).

(stating that a Chapter 13 debtor may use § 544); *In re Boyette,* 33 B.R. 10, 11 (Bankr.N.D.Tex.1983) (same).

This Court agrees with the line of cases holding that a Chapter 13 debtor does not have standing to assert the trustee's avoidance powers under 11 U.S.C. § 547. Significantly, under the rule of *inclusio unius est exclusio alterius,* the plain language of § 547(b) states the "trustee may avoid" preferential transfers—no mention is made in the statute about the debtor having similar rights. Similarly, § 547 is not an enumerated power the Bankruptcy Code specifically grants to a Chapter 13 debtor through another provision. *See e.g.,* 11 U.S.C. § 1303 (stating that the Chapter 13 debtor "shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title."). In contrast, *see* 11 U.S.C. § 1107 (stating that in Chapter 11 "a debtor in possession shall have all the rights, ... and powers, and shall perform all the functions and duties, ... of a trustee serving in a case under this chapter."), and 11 U.S.C. § 1203 (stating that a Chapter 12 debtor "shall have all the rights ... and powers ... of a trustee serving in a case under Chapter 11"). The fact that Congress specifically granted avoiding powers to Chapter 11 and 12 debtors, but not to Chapter 13 debtors, cannot easily be overlooked. Furthermore, Congress did grant Chapter 13 debtors standing to avoid liens under § 522(f) to the extent a lien impairs an exemption, and under § 522(h) to the extent that a debtor could have exempted property if the trustee could have avoided the lien under numerous sections in Chapter 5, including § 547. If a Chapter 13 debtor has the power of a trustee in § 547, then the provision in § 522(h) carries considerably less significance. This statutory framework, combined with the Eighth Circuit Bankruptcy Appellate Panel's ruling in *LaBarge v.*

*Benda (In re Merrifield),* 214 B.R. 362, 365 (8th Cir. BAP 1997) (holding that a Chapter 13 debtor had no standing to assert the powers of the trustee under 11 U.S.C. § 548), compel the conclusion that the debtor in this case simply lacks standing to bring a complaint under § 547 to avoid a preferential transfer.

■ At the same time, the line of cases rejected by the Court do make a valid point—that as a practical matter a Chapter 13 trustee will seldom bring an avoidance action because he reaps little benefit from it. But that should not prevent nor excuse a trustee from bringing an action that will inure to the benefit of the unsecured creditors. In this Court's view, the trustee is an indispensable party within the context of this proceeding because he is the only person with standing to bring the action and full relief cannot be accorded the creditors of the estate without his joinder. Fed. P. Bankr.P. 7019; *Vreugdenhil v. Hoekstra,* 773 F.2d 213, 215–16 (8th Cir.1985) (finding that the suit to avoid creditors' liens could not be maintained in the absence of the trustee in a case converted from Chapter 11 to Chapter 7 of the Bankruptcy Code). *Cf. De Wit v. Firstar Corp.,* 879 F.Supp. 947, 996 (N.D.Iowa.1995) (concluding that a trustee is not a necessary party when the cause of action belongs to the estate's creditors). Therefore, the Court will order that Wood's Complaint be amended to reflect the entry of Richard V. Fink, the Chapter 13 trustee, as a party plaintiff to prosecute this action in tandem with Wood, and as the party plaintiff who filed the Motion for Judgment on the Pleadings.

With the proper party instituting the Complaint, and with the Mizes admitting to all the allegations in the Complaint necessary to establish that their judicial lien is a preferential transfer subject to avoidance

under 11 U.S.C. § 547, the Court finds it appropriate to grant the relief as requested in the Complaint.

Because the Court finds that the Mizes' judicial lien is avoidable as a preferential transfer under § 547, the Court need not address Wood's ability to avoid the judicial lien to the extent of her exemptions under either §§ 522(f) or 522(h).

## IV. ORDER

Therefore, it is

**ORDERED** that the Complaint filed by Plaintiff, Patricia Marie Wood, be and is hereby AMENDED to reflect entry of the Chapter 13 trustee, Richard V. Fink, as a party plaintiff. It is

**FURTHER ORDERED** that the Motion for Judgment on the Pleadings filed by Plaintiff, Patricia Marie Wood, be and hereby is AMENDED to reflect the entry of the Chapter 13 trustee, Richard V. Fink, as a moving party. It is

**FURTHER ORDERED** that the Motion for a Judgment on the Pleadings filed by the Plaintiffs in this adversary proceeding be and hereby is GRANTED. It is

**FURTHER ORDERED** that the Objection to Claim of Larry and Wanda Mize filed by the Debtor, Patricia Marie Wood in the Debtor's main case is GRANTED. It is

**FURTHER ORDERED** that the Motion for a Judgment on the Pleadings filed by Defendant, Larry and Wanda Mize, in this adversary proceeding be and hereby is DENIED. It is