# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

---

No. 06-6058 ND

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Racing Services, Inc., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| PW Enterprises, Inc., | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiff - Appellant, | * | District of North Dakota |
| | * | |
| v. | * | |
| | * | |
| State of North Dakota, | * | |
| North Dakota Racing Commission, | * | |
| North Dakota Breeders Fund, and | * | |
| North Dakota Purse Fund, | * | |
| | * | |
| Defendants - Appellees, | * | |
| | * | |
| and | * | |
| | * | |
| Kip M. Kaler, Chapter 7 Trustee, | * | |
| | * | |
| Objector - Appellee. | * | |

---

Submitted: February 15, 2007
Filed: March 9, 2007

---

Before SCHERMER, FEDERMAN, and VENTERS, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

PW Enterprises, Inc. ("Plaintiff") appeals the bankruptcy court's order denying its request for standing to prosecute a nine-count complaint against the State of North Dakota, the North Dakota Racing Commission, the North Dakota Breeders Fund, the North Dakota Purse Fund, and the North Dakota Special Promotions Fund (collectively "Defendants"). We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we partially affirm and partially reverse and remand.

## ISSUE

The issue on appeal is whether the bankruptcy court erred when it denied the Plaintiff's request for standing to prosecute a nine-count complaint seeking the disallowance of claims, the avoidance and recovery of certain transfers, and the equitable subordination of claims. After denying the request for standing, the court struck the complaint. We conclude that the bankruptcy court did not err in denying the Plaintiff's request for standing to prosecute the avoidance and recovery actions. However, the bankruptcy court erred when it struck those counts of the complaint seeking the disallowance and equitable subordination of claims because the Bankruptcy Code expressly grants the Plaintiff standing to prosecute those requests for relief. Accordingly, the bankruptcy court erred when it struck the entire complaint and should have instead only struck those counts involving the avoidance and recovery actions.

2

## BACKGROUND

Racing Services, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 3, 2004 ("Petition date"). The case was converted to a case under Chapter 7 of the Bankruptcy Code on June 15, 2004. Kip M. Kaler ("Trustee") was appointed Trustee of RSI's Chapter 7 bankruptcy estate.

The Defendants assert priority tax claims of $6 million against the Debtor's bankruptcy estate. The Plaintiff asserts an unsecured claim in excess of $2 million against the estate and is the estate's largest non-governmental creditor. No distribution from the Debtor's estate to unsecured creditors is anticipated at this time.

On January 31, 2006, five days before the statue of limitations for avoidance actions was set to expire, the Plaintiff presented the Trustee with a proposed adversary complaint against the Defendants seeking the avoidance and recovery of certain transfers as well as the disallowance and the equitable subordination of the Defendants' claims. The Trustee considered the proposed complaint and decided not to pursue it. The Trustee based his decision on several factors. First, with respect to the preference components of the complaint, the Trustee was aware of only a single payment of less than $200,000 from the Debtor to the Defendants during the ninety-day period preceding the Petition Date. In order to pursue any additional preference claims, the Trustee would have to establish that the Defendants were insiders of the Debtor. The Trustee had no evidence to support insider status. With respect to the objection to claim, the Trustee's accountant had analyzed the Defendants' claims and had determined that at least half of the $6 million asserted represented true tax claims entitled to priority. With respect to the equitable subordination claim, the Trustee determined that it was highly unlikely that the Defendants had engaged in the type of egregious conduct necessary to support equitable subordination. Furthermore, the Trustee expected the Defendants to argue that equitable subordination is analogous to punitive damages which generally cannot be imposed upon government entities like

the Defendants. Finally, the Trustee determined that the proposed litigation would be enormously expensive with a nominal likelihood of success.

The Trustee informed the Plaintiff of his decision not to pursue the proposed complaint. On February 2, 2006, on the eve of the expiration of the statute of limitations with respect to the avoidance actions, the Plaintiff filed the adversary complaint in its own name without court approval to do so and without even requesting such court approval.

On April 26, 2006, the Plaintiff filed a motion with the bankruptcy court requesting standing to prosecute the adversary complaint on behalf of the estate. The Trustee filed his response to the motion stating that the Plaintiff had presented him with the proposed adversary complaint on the eve of the expiration of the statute of limitations for avoidance actions and that he had reviewed the proposed complaint and had decided not to pursue it. The Trustee set forth his reasons for not pursuing the complaint in his response. He stated that he did not resist the motion as long as the bankruptcy estate did not bear any cost of the litigation. He wanted to ensure that any benefit of the litigation would inure to the estate and not the Plaintiff. He also requested that any outcome be economically justified. After hearing, the court denied the motion and struck the adversary complaint. The Plaintiff appealed the order denying its request for standing and striking the complaint.

## STANDARD OF REVIEW

The facts are not in dispute. We review the bankruptcy court's order denying the Plaintiff standing to pursue the complaint and striking the complaint *de novo*. *Hartford Underwriters Ins. Co. v. Magna Bank, N.A. (In re Hen House Interstate, Inc.)*, 177 F.3d 719, 721, (8th Cir. 1999), *aff'd sub nom. Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000); see also *Scott v. Nat'l Century Fin. Enter. Inc. (In re Baltimore Emergency Services II Corp.)*, 432 F.3d 557, 559-60

(4th Cir. 2005); *Smart World Tech., LLC v. Juno Online Serv. Inc. (In re Smart World Tech., LLC)*, 423 F.3d 166, 174 (2nd Cir. 2005); *Canadian Pac. Forest Prod. Ltd. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.)*, 66 F.3d 1436, 1440 (6th Cir. 1995).

## DISCUSSION

In the complaint, the Plaintiff asserts avoidance claims pursuant to Sections 544, 547, and 548 of the Bankruptcy Code and recovery claims pursuant to Section 550 of the Bankruptcy Code. According to Sections 547 and 548 of the Bankruptcy Code, a bankruptcy trustee may avoid certain transfers as preferential or fraudulent. 11 U.S.C. § 547(b)(". . . the trustee may avoid any transfer . . . ."); 11 U.S.C. § 548(a)(1)("The trustee may avoid any transfer . . . ."). Pursuant to Section 544 of the Bankruptcy Code, "the trustee may avoid" certain voidable transfers. 11 U.S.C. § 544(b)(1). Pursuant to Section 550 of the Bankruptcy Code, "the trustee may recover" property the transfer of which is avoided or the value of such property. 11 U.S.C. § 550(a). The issue we must decide is whether the court should have permitted the Plaintiff, a creditor, to exercise the avoidance and recovery powers given to the Trustee pursuant to Sections 544, 547, 548, and 550 of the Bankruptcy Code.

Every circuit, including the Eighth Circuit, which has addressed the issue has recognized the possibility of derivative standing to pursue avoidance actions on behalf of a bankruptcy estate under certain circumstances. *Nangle v. Lauer (In re Lauer)*, 98 F.3d 378, 388 (8th Cir. 1996); *Scott v. Nat'l Century Fin. Enter. Inc. (In re Baltimore Emergency Services II Corp.)*, 432 F.3d 557 (4th Cir. 2005); *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3rd Cir. 2003); *Commodore Int'l Ltd v. Gould (In re Commodore Int'l Ltd.)*, 262 F.3d 96 (2nd Cir. 2001); *Fogel v. Zell*, 221 F.3d 995 (7th Cir. 2000); *Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029 (9th Cir. 1999); *Canadian Pac. Forest Prod. Ltd. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.)*, 66 F.3d 1436 (6th Cir. 1995);

5

*Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233 (5th Cir. 1988); *Unsecured Creditors Committee v. Noyes (In re STN Enter.)*, 779 F.2d 901 (2nd Cir. 1985).

The Eighth Circuit Court of Appeals concluded that creditors cannot bring avoidance actions under Section 548 of the Bankruptcy Code absent evidence that the trustee cannot be relied upon to assert such claims. *Nangle v. Lauer (In re Lauer)*, 98 F.3d 378, 388 (8th Cir. 1996). In order for a creditor to assert standing under Section 548, the creditor must establish that the trustee was unable or unwilling to pursue the claims on behalf of the bankruptcy estate. *Id.*

Courts within the Eighth Circuit have split in their interpretation of the *Lauer* opinion. A prior panel of the Eighth Circuit Bankruptcy Appellate Panel interpreted the *Lauer* opinion as a determination by the Eighth Circuit Court of Appeals that the statutory language of Section 548 of the Bankruptcy Code expressly confers avoidance powers exclusively on the trustee. *LaBarge v. Benda (In re Merrifield)*, 214 B.R. 362, 365 (B.A.P. 8th Cir. 1997).[1] While this statement is technically true, it ignores the Eighth Circuit Court of Appeals' acknowledgment that creditors may be able to assert avoidance actions where the trustee cannot be relied upon to do so or is unable or unwilling to pursue such claims.

Courts within the circuit have recognized derivative standing to pursue avoidance actions under certain circumstances. At least one court has recognized derivative standing where the bankruptcy court has approved the assignment of such claims from the trustee to the creditor. *Quad City Bank v. Union Planters Bank (In re Chapman Lumber Co., Inc.)*, 2006 WL 3861107 (Bankr. N.D. Iowa 2006). Other courts have recognized derivative standing where the trustee is unable or unwilling to

---

[1]One court has followed the *Merrifield* decision and focused on the strict language of the statute to determine that a Chapter 13 debtor lacks standing to bring an avoidance action because the statutory language limits the authority to the trustee. *Wood v. Mize (In re Wood)*, 301 B.R. 558 (Bankr. W.D. Mo. 2003).

do so. However, the courts disagree as to what constitutes the trustee's inability or unwillingness to bring suit which justifies derivative standing. Some courts require the trustee's failure to bring the avoidance action to be unjustifiable and, accordingly, an abuse of discretion. *Cambridge Tempositions, Inc. v. Cassis (In re Cassis)*, 220 B.R. 979, 983 (Bankr. N.D. Iowa 1998). Others require the party seeking standing to have made demand upon the trustee which was refused and to establish a colorable claim which will benefit the bankruptcy estate. *In re Newcorn Enter. Ltd.*, 287 B.R. 744, 750 (Bankr. E.D. Mo. 2002).

Other courts have refused to expressly acknowledge the availability of derivative standing within the Eighth Circuit, concluding that the issue is unclear, yet have agreed that if it is available a creditor must obtain permission from the bankruptcy court prior to asserting the claim. *St. Francis County Farmers Ass'n v. Wright (In re Wright)*, 353 B.R. 627, 652-54 (Bankr. E.D. Ark. 2006); *Quad City Bank v. Chapman (In re Chapman Lumber Co. Inc.)*, 343 B.R. 217, 220-221 (Bankr. N.D. Iowa 2006). Regardless, no court has allowed a creditor to assert an avoidance action without prior court approval to do so. *In re Wright*, 353 B.R. at 653; *In re Chapman Lumber*, 343 B.R. at 221; *JBD Pork Inc. v. Bank of America, N.A. (In re Premier Farms L.C.)*, 2004 WL 1175223 (Bankr. N.D. Iowa 2004). One court, in dicta, refused to weigh in on the issue without further guidance from the Eighth Circuit Court of Appeals. *Lee v. Nat'l Home Centers, Inc. (In re Bodenstein)*, 248 B.R. 808, 817-18 n.39 (Bankr. W.D. Ark. 2000).

In 2000, the Supreme Court concluded that a creditor could not assert surcharge rights available to a trustee under Section 506(c) of the Bankruptcy Code. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000). The language in Section 506(c) is similar to the language in the avoidance sections at issue today: the "trustee may. . . ." 11 U.S.C. § 506(c). In the *Hartford Underwriters* case, the creditor never sought court permission to pursue the surcharge action. The Supreme Court noted this fact and expressly left unanswered the question before us today: can

a bankruptcy court authorize another interested party to act in the trustee's stead in pursuing a claim or cause of action belonging to the estate and about which the Bankruptcy Code states only that the trustee may assert such claim or cause of action. *Hartford Underwriters*, 530 U.S. at 14 n.5.

Every circuit court which has addressed this issue since the *Hartford Underwriters* opinion was decided has recognized the possibility of derivative standing to pursue avoidance actions on behalf of a bankruptcy estate. *Scott v. Nat'l Century Fin. Enter. Inc. (In re Baltimore Emergency Services II Corp.)*, 432 F.3d 557 (4th Cir. 2005); *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3rd Cir. 2003); *Commodore Int'l Ltd v. Gould (In re Commodore Int'l Ltd.)*, 262 F.3d 96 (2nd Cir. 2001); *Fogel v. Zell*, 221 F.3d 995 (7th Cir. 2000). None has gone so far as to say a bankruptcy court cannot authorize derivative standing.

The bankruptcy court thoroughly analyzed Eighth Circuit law on the subject of derivative standing and concluded that under the circumstances of this case the Plaintiff should not be granted standing to pursue the avoidance claims against the Defendants. We need not address the various factors relied upon by the bankruptcy court in reaching its well reasoned decision because one factor alone is sufficient to deny the request for standing: lack of prior court permission. At a minimum, prior court approval is required for a creditor to assert an avoidance action. *In re Wright*, 353 B.R. at 653; *In re Chapman Lumber*, 343 B.R. at 221; *JBD Pork Inc. v. Bank of America, N.A. (In re Premier Farms L.C.)*, 2004 WL 1175223 (Bankr. N.D. Iowa 2004). Without prior approval, derivative standing does not exist.

The swift and efficient administration of a bankruptcy estate is an important goal underlying the Bankruptcy Code. This goal is achieved by narrowly defining standing in a bankruptcy case. *Scott v. Nat'l Century Fin. Enter. Inc. (In re Baltimore Emergency Services II Corp.)*, 432 F.3d 557, 560-61 (4th Cir. 2005). Otherwise the

8

bankruptcy case may be side-tracked by unnecessary ancillary litigation. Requiring court approval prior to allowing a creditor to file a derivative suit furthers the goal of efficiency by weeding out unnecessary suits before they are filed. *Id*. at 562. Allowing creditors to file suit without obtaining prior permission and to later seek retroactive approval of derivative standing is contrary to the very purpose of limitations on standing – preventing unnecessary ancillary litigation even if such litigation is short-lived. *Id*. at 563. A creditor simply cannot file an avoidance action on the eve of the expiration of the statute of limitations and two and a half months later ask the court for retroactive permission to file the suit. The bankruptcy court did not err when it denied the Plaintiff's belated request to assert the avoidance and recovery actions on behalf of the bankruptcy estate.

In the remaining counts of the complaint, the Plaintiff seeks the disallowance of the Defendants' claims, the denial of priority status to the Defendants' claims, and the equitable subordination of the Defendants' claims. Section 502(a) of the Bankruptcy Code expressly authorizes objections to claims by any "party in interest." 11 U.S.C. § 502(a). As the largest unsecured creditor of the Debtor's bankruptcy estate, the Plaintiff is clearly a party in interest with standing to object to the Defendants' claims and their priority status. Section 510(c) of the Bankruptcy Code authorizes the court, after notice and a hearing, to subordinate a claim. 11 U.S.C. § 510(c). The language of Section 510(c) contains no restrictions on who may request the subordination of a claim. Consequently, the Plaintiff does not need permission from the court to request such relief. The Plaintiff's motion for authority to prosecute the complaint was unnecessary as to the counts objecting to the claim and seeking its subordination. Accordingly, striking these counts was unwarranted. These counts should be reinstated and the Plaintiff should be allowed to prosecute them.

## CONCLUSION

The bankruptcy court did not err when it denied the Plaintiff standing to prosecute the avoidance and recovery claims. However, court approval was not necessary for the Plaintiff to object to the Defendants' claims or to seek the equitable subordination thereof. Accordingly, we AFFIRM the bankruptcy court's order denying the Plaintiff standing to prosecute the avoidance and recovery actions and striking those counts of the complaint seeking such relief (Counts 3 through 8). However, we REVERSE the order to the extent it struck the Plaintiff's objection to the allowance and the priority status of the Defendants' claims (Counts 1 and 2) and the Plaintiff's request for the equitable subordination of the Defendants' claims (Count 9). We REMAND to the bankruptcy court to address Counts 1, 2, and 9 of the complaint.

_____